IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GENEVA COLLEGE, et al.,
         Plaintiffs,

v.

KATHLEEN SEBELIUS, et al.,
         Defendants.

Civil No. 12-0207

## MEMORANDUM ORDER

Pending before the court is a motion for an indicative ruling filed by the defendants Kathleen Sebelius, et al. ("defendants"). (ECF No. 96.) Defendants ask this court to issue an order, pursuant to Federal Rule of Civil Procedure 62.1 indicating that the court would vacate its April 19, 2013 and June 18, 2013 orders if the Court of Appeals for the Third Circuit remanded the currently-pending appeals from those orders back to this court. Those two orders preliminarily enjoined defendants from enforcing the preventative services coverage regulations as to the Hepler plaintiffs and as to Geneva College's student group health plan ("Geneva") (Id. at 1.) Plaintiffs filed a brief in opposition to the government's request (ECF No. 103.) For the reasons that follow, the defendants' motion is denied.

According to defendants, the Hepler injunction is in direct conflict with the Court of Appeals for the Third Circuit's July 26, 2013 decision in Conestoga Wood Specialties, Inc. v. Sebelius, __ F.3d __, 2013 WL 3845365, which held that "a for-profit, secular corporation cannot engage in the exercise of religion" and that a corporation's owners' constitutional rights cannot "pass through" to the company. (ECF No. 97 at 1.) With respect to the Geneva injunction, the government contends that its enactment of final rules in July of 2013 makes this

court's injunction, which was based on a prior Notice of Proposed Rulemaking, moot (Id. at 2.) The government further argues that any injunction in favor of Geneva would be premature because the contraceptive coverage requirement will not be enforced with respect to Geneva's student group health plan until August 1, 2014 (Id.)

Plaintiffs assert that the court of appeals' decision in Conestoga is both distinguishable from the Hepler plaintiffs' claims and non-final as it is currently subject to review by the United States Supreme Court to resolve a direct circuit conflict (ECF No. 103 at 2.) With respect to the injunction issued in favor of Geneva, plaintiffs argue that, due to circumstances created by the government, it is not clear whether the safe harbor provision included in the final rules will insulate Geneva against enforcement of the contraceptive coverage requirement until August 2014 (Id.)

Federal Rule of Civil Procedure 62.1 allows a district court to issue an indicative ruling on a motion for relief from judgment when ruling on such a motion is barred by a pending appeal. FED. R. CIV. P. 62.1. A district court can dispose of a motion pursuant to this rule in one of four ways: (1) it may defer considering the motion; (2) it may deny the motion; (3) it may state that it would grant the motion if the court of appeals remands for that purpose; or (4) it may state that the motion raises a substantial issue. Id. When the district court indicates that it would grant the motion for relief, the court of appeals may remand at its discretion. FED. R. APP. P. 12.1(b).

The court of appeals' decision in Conestoga does not compel issuance of an indicative ruling with respect to the Hepler plaintiff's injunction. First, as plaintiffs' aptly point out, there are legally consequential distinctions between the plaintiffs in that case and in the

2

instant case. Setting aside the differences in corporate structures, Conestoga did not include claims brought by individual family member-employees. For that reason alone, it would be improper for this court to speculate, without the benefit of full briefing and oral argument, on the effect that the decision in Conestoga would have on the instant matter if remanded. Second, within days of filing a notice of appeal from this court's June 18, 2013 Geneva injunction, defendants asked the court of appeals to hold that appeal in abeyance pending issuance of the court's decision in Conestoga. In that filing, defendants stated that "[i]f [the court of appeals] accepts the government's contentions in Conestoga Wood, the claims in [the Geneva injunction appeal] will fail for the same reasons" (Id. at ¶ 3.) The court of appeals ruled in favor of the government in Conestoga, yet denied defendants' motion to hold the Geneva appeal in abeyance the day after issuing its mandate in Conestoga. Geneva College v. Sebelius, No. 13-2814, Doc. 003111368643, 8/23/13 Order (3d Cir.); Conestoga Wood Specialties, et al. v. Sebelius, No. 13-1144, Doc. 003111366443, 8/22/13 Mandate (3d Cir.). Defendants' motion promptly made the court of appeals aware of its position regarding the effect of the Conestoga decision on its appeal of this court's Geneva injunction. Yet, the court of appeals did not stay the appeal pending resolution of the Conestoga appeal. Under the circumstances, this court need not opine on that same issue in the procedural context of a request for an indicative ruling. Finally, the court of appeals' decision in Conestoga is the subject of a petition for writ of certiorari filed with the United States Supreme Court. Conestoga Wood Specialties, et al. v. Sebelius, No. 13-356 (U.S.). Responses to the petition are due on October 21, 2013. It would be particularly inappropriate, and premature, for this court to issue an indicative ruling based on the court of appeals' decision in Conestoga under the circumstances.

3

Likewise, the government's issuance of final rules does not does not compel issuance of an indicative ruling with respect to the Geneva injunction. Plaintiffs filed a motion for leave to file a second amended complaint, which challenges the same final rules that the government maintains require an indicative ruling. Were the court to enter the order being requested by the government, plaintiffs' proposed amended pleading would be effectively pre-judged in its entirety. Such a procedural short-circuiting of the adversary process is inappropriate.

For the foregoing reasons, defendants' motion for an indicative ruling (ECF No. 96) is DENIED.

Dated: October 18, 2013

BY THE COURT,

Joy Flowers Conti
United States Chief District Judge