# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENEVA COLLEGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX M. AZAR, II, in his official capacity as Secretary of the United States Department of Health and Human Services; R. ALEXANDER ACOSTA, in his official capacity as Secretary of the United States Department of Labor; STEVEN T. MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES DEPARTMENT OF LABOR; and UNITED STATES DEPARTMENT OF THE TREASURY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 2:12-cv-00207-JFC |
| Defendants. | ) |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF

In this case, Geneva College challenges a federal mandate that requires it to choose between violating its religious beliefs about the sanctity of human life and paying millions of dollars in annual fines. Defendants have admitted that imposing the mandate on religious objectors to this mandate violates the Religious Freedom Restoration Act (RFRA). Therefore, this Court should issue a permanent injunction and declaratory judgment in the College's favor pursuant to Fed. R. Civ. P. 65 and 28 U.S.C. § 2201.

1

**BACKGROUND**

A.   The Affordable Care Act and the HHS Mandate

The Affordable Care Act requires some[1] group health plans to provide coverage to women for "preventive care and screenings," among other things. 42 U.S.C. § 300gg-13(a). The U.S. Department of Health and Human Services (HHS) interpreted this to include all FDA-approved contraceptive methods, including those that sometimes work by causing the demise of very young human beings. *See* http://www.hrsa.gov/womensguidelines (Aug. 1, 2011); *see also* 77 Fed. Reg. 8725 (Feb. 15, 2012).

Although HHS and the other Defendant agencies acknowledged that forcing plan sponsors to cover abortifacients could violate their consciences, they exempted only a relatively small subset of conscientious objectors: churches, conventions or associations of churches, religious orders, and their integrated auxiliaries. 45 C.F.R. § 147.131(a). The government gave other religious objectors (including Geneva College) an alternate means of complying with the mandate, speculating that it might satisfy their concerns. Under the so-called "accommodation," plan sponsors communicate their objection to their insurers or third-party administrators, who consequently provide the objectionable items to beneficiaries through employer's plan. 26 C.F.R. § 54.9815-2713A (Department of the Treasury); 29 C.F.R. § 2590.715-2713A (Department of Labor); 45 C.F.R. § 147.131(b) (Department of Health and Human Services).[2]

With respect to scores of religious objectors, including the College, the government's speculation about the moral acceptability of the accommodation was incorrect. Geneva concluded

---

[1] The mandate does not apply to "grandfathered" health plans. 42 U.S.C. § 18011 (2010).

[2] The citations are to regulations that were superseded by the October 2017 Interim Final Rules discussed *infra*. When the Interim Final Rules were preliminarily enjoined, the cited versions of the rules became operative again.

that obeying the mandate via the accommodation's alternative compliance mechanism would constitute morally culpable cooperation with immoral acts, something forbidden by its religious convictions. *See* Pls. Comp., Dkt. No. 1, ¶¶ 70, 76, 102. It thus faced a choice. It could either follow its religious beliefs and incur unsustainable financial penalties,[3] or violate its religious beliefs by providing access to life-destroying drugs and devices. Faced with this choice, Geneva sought judicial relief.

B.  This Lawsuit

Geneva filed its challenge to the mandate in February 2012, seeking injunctive and declaratory relief. Dkt. No. 1; *see also* Dkt. Nos. 32 and 98 (amended complaints). This Court preliminarily enjoined application of the mandate to the College's employee and student health plans, concluding that such application likely violated the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, and that preliminary relief was otherwise warranted. Dkt. Nos. 91, 92, 114, and 115. The government appealed, Dkt. Nos. 94 and 118, and the Third Circuit reversed, reasoning that the mandate did not "substantially burden" the College's religious exercise under RFRA. *Geneva Coll. v. Sec'y*, 778 F.3d 422, 435-442 (3d Cir. 2015).

The Supreme Court granted the petitions for writs of certiorari filed by Geneva College and six other sets of petitioners. 136 S. Ct. 445 (2015). After the parties submitted briefs, presented oral argument, and filed two rounds of supplemental briefs, the Supreme Court declined to decide the consolidated cases. *Zubik v. Burwell*, 136 S. Ct. 1557 (2016). Instead, it vacated the underlying appellate decisions, including the Third Circuit's decision in this case, and remanded to the Courts of Appeals so that the parties could be "afforded an opportunity to arrive at an

---

[3] If Geneva excluded the objectionable drugs and devices from its health plans, it would incur fines of $100 per affected beneficiary per day. 26 U.S.C. § 4980D(b)(1). If Geneva dropped its employee health plan to avoid violating its religious beliefs about the sanctity of life, it would incur fines of $2000 per employee per year. 26 U.S.C. § 4980H(c)(1).

3

approach going forward" that would satisfy their respective concerns. *Id*. at 1560. The Court declared that "the Government may not impose taxes or penalties on petitioners for failure to provide the relevant notice" that initiates the accommodation process. *Id*. at 1561.

      C.      <u>The October 2017 Interim Final Rules</u>

Following the 2016 election, the government revisited its approach to objecting plan sponsors. On May 4, 2017, President Trump issued an Executive Order entitled "Promoting Free Speech and Religious Liberty." Section 3 of that order, entitled "Conscience Protections with Respect to Preventive-Care Mandate," instructed the Departments to "consider issuing amended regulations . . . to address conscience-based objections" to the challenged mandate. Exec. Order No. 13798, 82 Fed. Reg. 21675 (May 4, 2017).

On October 6, 2017, the Defendant Departments issued Interim Final Rules (IFRs) expanding protections for objecting organizations. 82 Fed. Reg. 47792 (Oct. 13, 2017). The Departments concluded that requiring objecting religious organizations to comply with the mandate through the accommodation's alternate mechanism "constituted a substantial burden on the religious exercise of many" religious organizations. *Id*. at 47806. The Departments determined that requiring compliance—with or without the accommodation—"did not serve a compelling interest and was not the least restrictive means of serving a compelling interest." *Id*. They thus concluded that "requiring such compliance led to the violation of RFRA in many instances." *Id*. In order to genuinely accommodate religious organizations' objections, the Departments expanded the "religious employer" exemption from the mandate to include "all bona fide religious objectors." *Id*.

At least eight lawsuits have been filed challenging the IFRs, claiming that the new regulations violate the Administrative Procedure Act (APA) and the Constitution. On December

15, 2017, the United States District Court for the Eastern District of Pennsylvania preliminarily enjoined the expanded religious exemption on the ground that the Departments likely violated the APA by issuing the rules and making them immediately effective without prior notice and comment. *Pennsylvania v. Trump*, No. 2:17-cv-4540, 2017 WL 6398465 (E.D. Pa. Dec. 15, 2017). The Northern District of California did likewise. *California v. HHS*, No. 4:17-cv-5783, 2017 WL 6524627 (N.D. Cal. Dec. 21, 2017).[4]

Both courts indicated that their rulings should not impact existing litigation challenging the mandate, leaving this Court the freedom to rule in this case. *Pennsylvania*, 2017 WL 6398465, at *21; *California*, 2017 WL 6524627, at *17; *see also* Opinion denying motion to intervene, *Pennsylvania v. Trump*, No. 2:17-cv-4540, 2017 WL 6206133 (E.D. Pa. Dec. 8, 2017) (denying intervention to religious objector in challenge to IFR in part because intervenor "has the option of seeking recourse through its own lawsuit . . . which, while currently stayed, remains open").

## ARGUMENT

In deciding whether to grant a permanent injunction, a district court must consider whether "(1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." *Shields v. Zuccarini*, 254 F.3d 476 (3d Cir. 2001), citing *ACLU v. Black Horse Pike Reg'l Bd. of Educ.*, 84 F.3d 1471, 1477 n. 2–3 (3d Cir.1996).

Declaratory relief "does not share injunctive relief's requirement of irreparable harm" and may be issued in order to "clarify the relations between the parties and eliminate the legal

---

[4] The U.S. District Court for the District of Massachusetts dismissed a substantially identical challenge to the IFRs on the ground that the plaintiff lacked standing to sue. 2018 WL 1257762 (D. Mass. Mar. 12, 2018).

uncertainties that gave rise to this litigation." *Levin v. Harleston*, 966 F.2d 85, 90 (2d Cir. 1992); *see also* 13C Wright, Miller & Cooper, *Federal Prac. & Proc. Juris.* § 3533.5 (3d ed.).

Geneva is entitled to a permanent injunction and declaratory judgment because there is no longer any doubt that it has succeeded on the merits of its RFRA claim. Defendants have conceded in the preamble to the IFR discussed above and in similar litigation that challengers like Geneva have succeeded on the merits of their RFRA claims. 82 Fed. Reg. 47792, 47806; *Wheaton Coll. v. Hargan*, No. 1:13-cv-8910, Dkt. No. 117, at 1 (N.D. Ill. Feb. 1, 2018) (Government's Response to Plaintiff's Motion for Permanent Injunction and Declaratory Relief) ("The Government has concluded that requiring employers with sincerely held religious objections to comply with the Mandate or the accommodation process would violate RFRA."); *Reaching Souls Int'l v. Azar*, No. 5:13-cv-1092-D, Dkt. No. 93, at 1-2 (W.D. Okla. Mar. 5, 2018).

In granting the College's preliminary injunction motions, this Court has already concluded that Geneva will suffer irreparable harm without an injunction, that this harm outweighs any Defendants will experience if an injunction is granted, and that an injunction is consistent with the public interest. Dkt. No. 91, at 19-22; Dkt. No. 114, at 28-30. The relevant circumstances have not changed, and there is thus no warrant to revisit these conclusions.

Other federal district courts have awarded permanent injunctions and declaratory relief in substantively identical cases. *See Wheaton Coll. v. Azar*, No. 1:13-cv-8910, Dkt. No. 119 (N.D. Ill. Feb. 22, 2018); *Catholic Benefits Ass'n v. Hargan*, Nos. Civ-14-240-R and Civ-14-684-R, Dkt. No. 184 (W.D. Okla. Mar. 7, 2018); *Reaching Souls Int'l v. Azar*, No. CIV-13-1092-D, Dkt. No. 95 (W.D. Okla. Mar. 15, 2018).

## CONCLUSION

In light of the foregoing, Plaintiff Geneva College respectfully requests that this Court grant its motion, enter a permanent injunction, and issue a declaratory judgment. Through counsel, the Universities have contemporaneously filed a proposed order and a proposed judgment.

Respectfully submitted this 20th day of March, 2018.

*/s/ Gregory S. Baylor*

Gregory S. Baylor
  Texas Bar No. 01941500
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Fax: (202) 347-3622
Email: GBaylor@ADFlegal.org

David A. Cortman
  Georgia Bar No. 188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road NE,
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
Fax: (770) 339-6744
Email: DCortman@ADFlegal.org

Bradley S. Tupi
  Pennsylvania Bar No. 28682
David J., Mongillo
  Pennsylvania Bar No. 309995
1500 One PPG Place
Pittsburgh, PA 15222
Telephone: (412) 594-5545
Fax: (412) 594-5619
Email: btupi@tuckerlaw.com
Email: dmongillo@tucketerlaw.com

Erik W. Stanley
  Arizona Bar No. 030961
Kevin H. Theriot
  Arizona Bar No. 030446
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
Email: EStanley@ADFlegal.org
Email: KTheriot@ADFlegal.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2018, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Defendants.

                                                   */s/ Gregory S. Baylor*
                                                   Gregory S. Baylor