IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENEVA COLLEGE; WAYNE L. HEPLER; THE SENECA HARDWOOD LUMBER COMPANY, INC., a Pennsylvania Corporation; WLH ENTERPRISES, a Pennsylvania Sole Proprietorship of Wayne L. Hepler; and CARRIE E. KOLESAR, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX M. AZAR, II, *in his official capacity as Secretary of the United States Department of Health and Human Services*, R. ALEXANDER ACOSTA, *in his official capacity as Secretary of the United States Department of Labor,* STEVEN T. MNUCHIN, *in his official capacity as Secretary of the United States Department of the Treasury,* UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF LABOR, and UNITED STATES DEPARTMENT OF THE TREASURY, <br><br> Defendants. | Case No. 2:12-cv-00207 |

**MEMORANDUM OPINION**

Plaintiff Geneva College ("Geneva") is a non-profit institution of higher learning with a religious mission central to its institutional identity and activities. Pending before the court is Geneva's motion for permanent injunction and declaratory relief with respect to count one[1] of the second amended complaint alleging that, with respect to Geneva, enforcement of 42 U.S.C. 300gg-13(a)(4) (referred to as the "Mandate"), which is part of the Patient Protection and

---

[1] Count one is referred to in the second amended complaint as "First Claim for Relief." (ECF No. 98, ¶¶ 219-229.

1

Affordable Care Act of 2010 ("ACA") and requires that coverage for certain preventative services involving abortifacient products, services and counseling be provided as part of the health insurance Geneva provides to its employees and students, constitutes a violation of the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb. (ECF No. 144). Additionally, Geneva contends that the self-certification accommodation process established as part of the Final Rules issued by the pertinent federal agencies, 45 C.F.R. § 147.131(a),[2] requiring Geneva to submit a form to the government or insurer stating that it objects on religious grounds to providing coverage for certain contraceptive or abortafacients and thereby triggering and facilitating provision of that coverage by third-parties, creates a substantial burden on its exercise of religion because in so certifying that which is objected to on religious grounds is then provided by third parties. Geneva filed a brief in support of its motion (ECF No. 145), and defendants[3] filed a response to the motion. (ECF No. 146).

---

[2] This regulation and others were amended by interim final rules issued on October 13, 2017, 82 Fed. Reg. 47792, 47838, which have been enjoined by the United States District Court for the Eastern District of Pennsylvania in Pennsylvania v. Trump, 281 F. Supp. 3d 553 (E.D. Pa. 2017), appeal filed at Third Cir. Appeal Nos. 17-3752 (Dec. 21, 2017) and 18-1253 (Feb. 15, 2018), and California v. Department of Health and Human Services, 281 F. Supp. 3d 806 (N.D. Cal. 2017), appeal filed at California v. Azar, Ninth Cir. Appeal No. 18-15255 (Feb. 16, 2018). As indicated by California v. Department of Health and Human Services, 281 F. Supp. 3d at 832, the injunction against application of the interim final rules does not conflict with "the plaintiff-specific injunctions issued by the courts in the *Zubik* cases or any other case." California v. Health and Human Services, 281 F. Supp. 3d at 832. Pennsylvania v. Trump, 281 F. Supp. 3d at 585 (injunction preserves status quo prior to enforcement of interim final rules and "those with injunctions preventing enforcement of the Contraceptive Mandate maintain their injunctions.").

[3] Federal Rule of Civil Procedure 25(d) provides:

> **(d) Public Officers; Death or Separation from Office.** An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the

This court previously issued opinions, orders and findings of fact and conclusions of law (ECF Nos. 86, 91, 92, 114, 115), Geneva College v. Sebelius, 941 F. Supp. 2d 672, 680-86 (W.D. Pa. 2013), determining that Geneva had shown a likelihood of success on the merits with respect to Geneva's contention that enforcement of the mandate against it violated RFRA.

On June 18, 2013, with respect to Geneva's student health insurance plan, this court ordered preliminary injunctive relief providing that:

> [d]efendants, their agents, officers, and employees, are hereby ENJOINED from applying or enforcing the requirements imposed in 42 U.S.C. § 300gg-13(a)(4) by requiring that Geneva's student health insurance plan, its plan broker, or its plan insurer provide abortifacients contrary to Geneva's religious objections.

(ECF No. 92 at 1-2). On December 23, 2013, this court ordered the same preliminary injunctive relief with respect to Geneva's employee health insurance plan. (ECF No. 115 at 1-2).

Defendants appealed the orders granting preliminary injunctive relief, and the Court of Appeals for the Third Circuit reversed on April 15, 2015 in Geneva College v. Secretary of Health and Human Services, 778 F.3d 422 (3d Cir. 2015). Geneva appealed the Court of Appeals for the Third Circuit's decision and order, and the United States Supreme Court on May 16, 2016, after granting *certiorari*, and consolidating several appeals from various circuits with Geneva's appeal, issued its decision in Zubik v. Burwell, 136 S. Ct. 1557 (2016). That decision vacated the decision and mandate issued by the Court of Appeals for the Third Circuit, remanded the matter, and instructed the appellate court to afford the parties "an opportunity to arrive at an approach going forward that accommodates petitioners' religious exercise while at the same time ensuring that women covered by petitioners' health plans receive full and equal health coverage,

---

absence of such an order does not affect the substitution.

FED. R. CIV. P. 25(d). Accordingly, the present secretaries of the departments sued have been substituted for their predecessors by operation of Rule 25(d).

including contraceptive coverage." 136 S. Ct. at 1560-61. On June 20, 2016, on remand, the Court of Appeals for the Third Circuit recalled its prior mandate in light of the Supreme Court's opinion. (ECF No. 136). On April 16, 2018, by agreement of the parties and pursuant to Federal Rule of Appellate Procedure 42(b), the Court of Appeals for the Third Circuit dismissed the appeal with respect to this court's grant of preliminary injunctive relief to Geneva College. (ECF No. 147).

In the midst of appellate process with respect to this court's order of preliminary injunctive relief, there was a change in presidential administrations. In this context, on March 20, 2018, Geneva filed its present motion. (ECF No. 144). In response to Geneva's motion for permanent injunction and declaratory relief, defendants specifically state that

> [t]he Government is not raising a substantive defense of the Mandate or the accommodation process with respect to Plaintiffs' Religious Freedom Restoration Act ("RFRA") challenge. The Government has concluded that requiring employers with sincerely held religious objections to comply with the Mandate or the accommodation process would violate RFRA.

(ECF No. 146 at 1).

In determining whether to grant a permanent injunction, the Court of Appeals for the Third Circuit in Shields v. Zuccarini, 254 F.3d 476 (3d Cir. 2001), instructs:

> the district court must consider whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest.

254 F.3d at 482.

Given the present posture of this matter, the government's position conceding that enforcement of the ACA's Mandate and accommodation process against Geneva would violate RFRA and indicating that it does not intend to offer a substantive defense with respect to that

4

matter, and the court's prior orders, opinions and findings of fact and conclusions of law, the court concludes that Geneva showed: 1) actual success on the merits with respect to its claim under RFRA; 2) it will be irreparable injured by the denial of injunctive relief; 3) no greater harm to defendants will result by grant of the permanent injunction; and 4) the injunction is in the public interest. Accordingly, the motion for permanent injunctive relief and for declaratory relief will be granted. Accord Reaching Souls International, Inc. v. Azar, Case No. Civ-13-1092, 2018 WL 1352186 (W.D. Okl. March 15, 2018); Wheaton College v. Azar, Case No. 13-cv-8910 (W.D. Okl. Feb. 22, 2018); Catholic Benefits Association LCA v. Hargan, Case Nos. CIV-14-240-R, CIV-14-685-R (W.D. Okl. Mar. 7, 2018).

The court observes, however, that the proposed injunction and declaratory relief requested by Geneva in its present motion is broader than the relief requested in the second amended complaint, (ECF No. 98), and does not refer to the requirements of the mandate and accommodation that Geneva showed violated Geneva's rights under RFRA. A more narrowly tailored injunction and declaration is appropriate based upon Geneva's claim in the second amended complaint for violation of RFRA, (ECF No. 98, ¶¶ 219-229), the filings and the court's prior findings.

Specifically, the court finds that Geneva is entitled to permanent injunctive relief against application of the mandate, 42 U.S.C. § 300gg-13, regulations and accommodation process by defendants to Geneva, or to the health insurance plan of or insurer for Geneva, with respect to Geneva providing, paying for, making accessible, or otherwise facilitating or causing access to coverage or payments through an insurance company or any other third party for contraceptive coverage services to which Geneva has religious objections (including those Geneva College

5

views as abortion, abortifacients, embryo-harming pharmaceuticals, or related education and counseling).

Additionally, the court finds that Geneva is entitled to declaratory relief that defendants' enforcement of the mandate, 42 U.S.C. § 300gg-13, and implementing regulations against Geneva and requiring its compliance with the accommodation procedure with respect to providing, paying for, making accessible, or otherwise facilitating or causing access to coverage or payments through an insurance company or other third party for contraceptive coverage services to which Geneva College has religious objections (including those Geneva College views as abortion, abortifacients, embryo-harming pharmaceuticals, or related education and counseling) violates Geneva's rights under RFRA, 42 U.S.C. § 2000bb-1 et seq.

Accordingly, the court will enter an appropriate order, including the permanent injunction and declaratory relief note above.

Dated: July 5, 2018                                     BY THE COURT:

                                                        /s/Joy Flowers Conti
                                                        Joy Flowers Conti
                                                        United States District Judge