IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENEVA COLLEGE; WAYNE L. HEPLER; THE SENECA HARDWOOD LUMBER COMPANY, INC., a Pennsylvania Corporation; WLH ENTERPRISES, a Pennsylvania Sole Proprietorship of Wayne L. Hepler; and CARRIE E. KOLESAR, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX M. AZAR, II, *in his official capacity as Secretary of the United States Department of Health and Human Services*, R. ALEXANDER ACOSTA, *in his official capacity as Secretary of the United States Department of Labor,* STEVEN T. MNUCHIN, *in his official capacity as Secretary of the United States Department of the Treasury,* UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF LABOR, and UNITED STATES DEPARTMENT OF THE TREASURY, <br><br> Defendants. | Case No. 2:12-cv-00207 |

**ORDER GRANTING PERMANENT INJUNCTION & DECLARATORY RELIEF**

Upon consideration of the motion by plaintiff Geneva College for permanent injunction and declaratory relief (ECF No. 144), its memorandum in support, the response of defendants thereto, and this court's prior opinions, orders and findings of fact and conclusions of law, and the accompanying opinion,

IT IS HEREBY ORDERED that the motion of Geneva College for permanent injunction and declaratory relief is hereby GRANTED. Geneva College met the standards for injunctive

1

and declaratory relief in that it showed success on the merits, it will suffer irreparable harm, the harm to it outweighs harm to defendants, and such relief is in the public interest.

IT IS HEREBY DECLARED that defendants—the United States Departments of Health and Human Services, Treasury, and Labor, along with their respective Secretaries—violated Geneva College's rights under RFRA, 42 U.S.C. § 2000bb-1 et seq., by promulgating and enforcing 42 U.S.C. § 300gg-13 and regulations pursuant to 42 U.S.C. § 300gg-13, including the accommodation procedure, against Geneva College and requiring Geneva College, its health insurance plan or its insurer to provide, pay for, make accessible or otherwise facilitate or cause access to coverage or payments through an insurance company or other third party for contraceptive coverage services to which Geneva College has religious objections (including those Geneva College views as abortion, abortifacients, embryo-harming pharmaceuticals, and related education and counseling).

IT IS FURTHER ORDERED that defendants, their respective successors in office, their agents, officers, employees and all others in active concert or participation with them are hereby PERMANENTLY ENJOINED AND RESTRAINED from 1) applying or enforcing the requirements of 42 U.S.C. § 300gg-13(a)(4), and implementing regulations and accommodation process, and 2) pursuing any enforcement actions against, or imposing any penalties upon Geneva College, its insurers and third-party administrators pursuant to 26 U.S.C. § 4980D and 29 U.S.C. § 1132 for noncompliance of Geneva College, its insurers and third-party administrators with the requirement imposed in 42 U.S.C. § 300gg-13(a)(4), implementing regulation or the accommodation process with respect to providing, paying for, making accessible or otherwise facilitating or causing coverage, access or payments for contraceptive coverage services to which Geneva College has religious objections (including those Geneva

College views as abortion, abortifacients, embryo-harming pharmaceuticals, and related education and counseling).

IT IS FURTHER ORDERED that any request for attorney's fees on behalf of Geneva College shall be submitted within 45 days of the date of this order.

FINALLY, IT IS ORDERED that this court shall retain jurisdiction to enforce this order.

IT IS SO ORDERED.

Dated: July 5, 2018

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge